Louis B. Heller, J.
This is an application by the attorneys for the two administrators of the estates of Montalvo and Cintron for an allowance of greater compensation as permitted by rule 4 (subd. 5, par. [d]) of the Special Rules Regulating the Conduct of Attorneys of the Appellate Division, First and Second Departments.
The rule provides in substance that in the event a plaintiff’s attorney believes in good faith that the schedule of fees because of extraordinary circumstances will not give him adequate compensation, he may apply to the court for greater compensation upon compliance with the procedure therein provided.
It is undisputed that the attorney for the plaintiff Montalvo filed his statement of retainer prior to the appointment of an administrator with authority to commence the action or designate him properly as attorney. He nevertheless continued acting as the attorney for the estate throughout the action without filing a new statement of retainer. In his application he requests the court to fix his fee at 45% of the gross recovery plus the disbursements advanced.
The attorney for the estate of Cintron requests this court to fix his fee at 40% of the recovery and that he be paid 22%% of such fee with the remainder of 17%% for the forwarding attorney. This has been agreed and consented to by the forwarding attorney.
As the services rendered by the attorneys are practically similar in each case, the court’s determination will be applicable to both.
*653 From the record it appears that both attorneys were beset by many problems originating from the fact that the accident not only occurred in the State of New Jersey but that both passengers were killed, requiring considerable investigation, interviewing of witnesses in the State of New Jersey, as well as the research of New Jersey law applicable thereto. After all the preliminary motions and proceedings were consummated, the action appeared for trial before Mr. Justice Beckinei^la, who after four days of trial declared a mistrial. Thereafter the action was tried before this court and after eight days of trial, judgment was rendered in favor of the plaintiffs. Upon the entry of the judgment, one of the defendants appealed to the Appellate Division (18 A D 2d 20). The other defendant, while not appealing, moved to deposit the face amount of the insurance policy with interest and costs, which motion after being opposed by the attorneys for the plaintiffs, was denied. A motion thereafter to reargue was also denied.
Upon appeal the judgment against the appellant-defendant was reversed, conditional however for affirmance if the plaintiffs stipulated to reduce their recovery, which stipulation was duly executed. However, the appellant-defendant still being dissatisfied with the reversal has now filed an appeal to the Court of Appeals, which is presently pending.
During the appeal the insurance company for the other defendant commenced an action of interpleader against the plaintiffs, seeking again to deposit the face amount of the policy, with the resultant research required of the attorneys to contest the action. The court after a motion for summary judgment granted the defendant the relief sought.
Since the determination of the Appellate Division reducing the amount of the recovery of the plaintiffs, the attorneys have been negotiating with the defendants for the purpose of compromising the amounts due them as no effort to date has been made by the defendants to satisfy the judgments. The disbursements incurred by the attorney for the Montalvo estate is $684.63 and on behalf of the Cintron estate $790.52.
The moving papers clearly demonstrate that the services rendered by the attorneys were not the ordinary or usual services expected to be performed by an attorney in a negligence action. This is an instance where the attorneys are justified in seeking more than the amount decreed by the schedule promulgated by the Appellate Division. The subdivision under which this motion is brought places complete discretion in the court on an application of this kind. After careful consideration of all the proceedings had in the action, the court finds that the attorneys for the *654 respective plaintiffs are deserving of an amount greater than provided by the schedule.
The great volume of work entailed in this case, the many court appearances required at the various proceedings after judgment, the diverse and serious questions of law posed at all stages of the action and after judgment and the personal diligence of the moving parties are sufficient to warrant a finding that “ extraordinary circumstances are found to be present.”
Accordingly, the motion on behalf of the attorney for the Montalvo estate is granted to the extent of fixing his fee at 40% of the gross settlement in addition to the disbursements incurred. The moving party, however, is directed to file a new statement of retainer nunc pro tunc with the Judicial 'Conference.
The motion on behalf of the attorney for the Cintron estate is granted to the extent of fixing his fee at 40% of the gross settlement in addition to the disbursements incurred. He is also permitted to retain for himself 22%% of the allowance and forward the remainder of 17%% to the forwarding attorney.
A copy of the order to be entered shall be served on all persons entitled to receive notice of the application as provided in the terminal part of paragraph (d) of subdivision 5 with notice of entry.